1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   TERRY J. BUTLER,                          CASE NO. 08cv2211 JLS (RBB)

12                           Plaintiff,        **ORDER: (1) GRANTING
                                               DEFENDANTS' MOTION TO**
13        vs.                                  **DISMISS; (2) GRANTING
                                               DEFENDANT PATEL'S MOTION**
14                                             **TO DISMISS; (3) DENYING AS
                                               MOOT MOTION FOR MORE**
15   SCRIPPS GREEN HOSPITAL, VALERIE           **DEFINITE STATEMENT; (4)
                                               DENYING PLAINTIFFS' MOTION**
16   WALSH, JAMIE FRENCH, ANTHONY              **FOR APPOINTMENT OF
     PIZZOSERRATO, MALHAR PATEL,**             **COUNSEL AND FEE WAIVER**
17                           Defendant.

18        Presently before the Court is: (1) Scripps General Hospital, Valerie Walsh, Jamie French and

19   Anthony Pizzoserrato ( motion to dismiss (Doc. No. 69) and motion for more definite statement (Doc.

20   No. 68); (2) Defendant Patel's motion to dismiss or, in the alternative, for more definite statement

21   (Doc. No. 70); and (3) Terry Butler's ("Plaintiff") motion to appoint counsel and motion for waiver

22   of fees.  (Doc. No. 75.)

23        For the reasons stated below, the Court **GRANTS** Defendants' motion to dismiss, **GRANTS**

24   Defendant Patel's motion to dismiss, **DENIES AS MOOT** Defendants' motion for more definite

25   statement, and **DENIES** Plaintiff's motion for appointment of counsel and fee waiver.

26                                **BACKGROUND**

27        Plaintiff, proceeding *pro se*, initiated this action by filing his complaint in this Court on

28   December 1, 2008.  (Doc. No. 1.)  On June 1, 2009, Plaintiff was granted leave to file, and did file,

a First Amended Complaint ("FAC").  (Doc. Nos. 48 & 51.)  Defendants, except for Defendant Patel, filed a motion to dismiss the FAC for lack of subject matter jurisdiction on June 10, 2009 (Doc. No. 59).  The Court granted the motion with leave to amend on September 29, 2009.  (Doc. No. 65.)  Plaintiff filed the present Second Amended Complaint ("SAC") on October 8, 2009.[1] (Doc. No. 66.)

The SAC contends that, while admitted as a patient to Scripps Green Hospital, nurse Anthony Pizzoserrato sexually abused Plaintiff by repeatedly grabbing his penis.  (SAC at 5.)  The remaining individual defendants are various Scripps employees who were notified of Mr. Pizzoserrato's alleged abuse, but failed to take appropriate action.  Plaintiff seeks $100,000 in general relief, $100,000 in psychological damages, $50,000 in economical damages, and punitive damages to be determined by the Court.  (SAC at 11.)

Defendants, except for Defendant Patel, filed the present motion to dismiss and motion for more definite statement on October 23, 2009.  (Doc. Nos. 68 & 69.)  Plaintiff filed one opposition to both motions on October 29,2009.  (Doc. No. 71.)  Defendants filed their reply on December 3, 2009. (Doc. No. 73.)

Defendant Patel filed a separate motion to dismiss on October 28, 2009.  (Doc. No. 70.) Plaintiff's opposition was rejected on discrepancy because it was untimely.  (Doc. No. 77.)

On December 4, 2009, Plaintiff filed a motion seeking appointment of counsel and waiver of fees. (Doc. No. 75.)  The motion was accepted via discrepancy, though the hearing date was not in compliance with the local rules.  (Doc. No. 74.)

All motions were scheduled for hearing on December 10, 2009.  This hearing was vacated and the matter was taken under submission without oral argument.

## DEFENDANTS' MOTION

### I.  Legal Standards

#### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts may only adjudicate those cases authorized by the United States

---

[1] The caption of the complaint indicates that this is the First Amended Complaint, which is incorrect.  The Court will therefore refer to the operative complaint as the Second Amended Complaint ("SAC").

1   Constitution or federal statutes. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

2   These sources of federal law authorize jurisdiction either when the claim arises under the U.S.

3   Constitution or federal statutes, or when the parties are diverse in citizenship. 28 U.S.C. §§ 1331,

4   1332. The plaintiff bears the burden of establishing jurisdiction. *Kokkonen,* 511 U.S. at 377; *In re*

5   *Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 538 F.3d 1107, 1110 (9th Cir. 2008).

6   For "federal question" jurisdiction, the plaintiff must plead federal law which the claims "arise

7   under," meaning that the federal law creates the cause of action or the plaintiff's right to relief

8   under state law necessarily depends upon a substantial question of federal law. *Merrell Dow*

9   *Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808-14 (1986).

10           **B.        Motion to Dismiss for Failure to State a Claim**

11           Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that

12   the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a

13   motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and

14   sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain

15   statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not

16   require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-

17   defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949

18   (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a

19   plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

20   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

21   *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a

22   complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*,

23   129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

24           "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

25   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,

26   550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts

27   pled "allow[] the court to draw the reasonable inference that the defendant is liable for the

28   misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must

be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

### C.     Motion for More Definite Statement

Pleadings must be "clear and concise." Fed. R. Civ. P. 8 "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e).

## II.     Defendants' Motion to Dismiss[2]

Plaintiff's Second Amended Complaint (SAC), while less than clear, appears to assert the following causes of action: (1) Violation of Title VII of the Civil Rights Act of 1964; (2) Violation of Title VI of the Civil Rights Act of 1964; (3) Violation of Title II of the Civil Rights Act of 1964; (4) Violation of 42 U.S.C. § 1983; (5) Unlawful Retaliation; and (6) Failure to Supervise in Violation of California Law. Apparently, the Court has federal jurisdiction over this matter based on the Civil Rights causes of action.

### A.     Title VII of the Civil Rights Act of 1964

Plaintiff bases his complaint on violation of Title VII, 42 U.S.C. §2000e *et seq.*, which allegedly was violated because "Defendants [sexually harassed and sexually discriminated] against Plaintiff, which violated Plaintiff's [Civil Rights] under 'Title VII of the Civil Rights Act of 1964.'" (SAC at 3:7-8.) Plaintiff also asserts that this Court's original jurisdiction arises under Title VII. (*Id.* at 2.: 27-29.) Title VII, however, prohibits unlawful employment practices. *See generally* 42 U.S.C. § 2000e, *et seq.* Plaintiff, however, does not allege that he was or is an

---

[2] Though Defendant Patel filed a separate motion to dismiss or for more definite statement, the arguments are largely the same and therefore will be discussed together. If there are arguments specific to an individual defendant, the Court will address those issues accordingly.

1    employee of Scripps Green Hospital.  To the contrary, the SAC and previous complaints make

2    clear that Plaintiff was a patient at the hospital.  (*See* SAC at 5:4-5, 6:1-9; *see also* FAC at 1:24,

3    3:16-17, 3:20, 4:23-24.)  Because Plaintiff is not an employee of Scripps General Hospital, he has

4    no standing to assert a federal employment discrimination claim under Title VII as a matter of law.

5          Furthermore, Plaintiff alleges retaliation claims against Scripps and Dr. Patel: "Scripps

6    Green Hospital and Dr. Malhar Patel used [Retaliation] against me for filing this claim by not

7    informing me of their diagnosis of me having [Diabetes]" (SAC at 6.)  While this could be

8    considered "retaliatory discharge" under Title VII, 42 U.S.C. § 2000e-3(a), the action still fails

9    because Plaintiff was not employed by Scripps or Dr. Patel.

10         Thus, the Court **DISMISSES** the Title VII cause of action **WITH PREJUDICE** as alleged

11   against all Defendants**.**

12         **B.      Title VI of the Civil Rights Act of 1964**

13         Plaintiff also cites Title VI, which provides that no federally assisted program discriminate

14   against individuals based on their race, color or national origin.  *See* 42 U.S.C. 2000d.  (SAC at

15   10:19-20).  However, Plaintiff merely cites to Title VI and does not provide any further allegations

16   as to why he has a cause of action under Title VI.  Furthermore, in his opposition, Plaintiff merely

17   claims that his theory under Title VI is protected by the "Laws Against Discrimination" and, as

18   such, "a patient in a hospital who is sexually harassed by a doctor can pursue an LAD claim

19   against the hospital (just as an employee can pursue a sexual harassment claim against his/her

20   employer)."  (Opp. to MTD at 11:22-30.)  Plaintiff does not cite the "Laws Against

21   Discrimination" which allegedly provide relief under Title VI for the claimed sexual harassment.

22   Accordingly, the Court **GRANTS** Defendants' motion to dismiss, finding that Plaintiff has not

23   adequately alleged a cause of action under Title VI.

24         Furthermore, "[t]o state a claim for damages under 42 U.S.C. § 2000d *et seq.*, a plaintiff

25   must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity

26   involved is receiving federal financial assistance."  *Fobbs v. Holy Cross Health Sys. Corp.*, 29

27   F.2d 1439 (9th Cir. 1994) (citation omitted), *overruled on other grounds by Daviton v.*

28   *Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001).  Plaintiff has not alleged that

1    Scripps is an entity receiving federal financial assistance.[3]

2        Defendants further contend that the individual Defendants cannot be sued under Title VI.

3    (*See* MTD at 3.)  Defendants, however, cite only cases outside the Ninth Circuit for this

4    proposition, and the Court finds no cases which have explicitly held such.[4]  Accordingly, the Court

5    does not dismiss the cause of action against the individual defendants on this grounds at this time.

6        For those reasons, the Court **GRANTS** Defendants' motion to dismiss this cause of action

7    and **DISMISSES** the cause of action **WITHOUT PREJUDICE.**

8        **C.    Title II of the Civil Rights Act of 1964**

9        Title II of the Civil Rights Act provides: "All persons shall be entitled to the full and equal

10   enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any

11   place of public accommodation, as defined in this section, without discrimination on the ground of

12   race, color, religion or national origin."  42 U.S.C. § 2000a.

13       At the outset, Title II does not protect discrimination on the grounds of sex or gender.  As

14   such, the Court **GRANTS** Defendants' motion to dismiss of this claim to the extent it is based on

15   sexual discrimination or sexual harassment **WITH PREJUDICE**.

16       However, the SAC also contains allegations of race discrimination.  Plaintiff alleges that he

17   "complained to [10 Scripps Green Hospital Staff Members] but because of my [RACE] ie African

18   American, I was laughed at, ignored, and discriminated against and obviously not given the same

19   treatment as a Non-African American.  (SAC at 5:14-16.)  Plaintiff also alleges that his complaint

20   were not reported by the individual defendants because of his race, gender and sex.  (*Id.* at 5:18-

21   _____

22       [3]    Moreover, Defendants contend that "Plaintiff must allege the relationship between the
     specific 'program or activity' that received the federal funds and any discriminatory treatment of

23   Plaintiff." (MTD at 3.)  The Court agrees.  However, if Plaintiff adequately alleges that Scripps is a
     program receiving federal funding, then the assertion that he was a patient at Scripps hospital suffices

24   as establishing the relationship between the program and the alleged discriminatory conduct.
     Defendants' cited case supports this.  *See Griggs v. Lexington Police Dept.*, 672 F.Supp 36 (D. Mass.

25   1987) (finding that plaintiff must allege that he is "a participant in a federally funded program.")
     Plaintiff, as a patient, is a "participant in a federally funded program" sufficient to defeat a motion to

26   dismiss.

27       [4] In fact, the Ninth Circuit opinion addressing this matter declined to rule on the question.  *See
     Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 n.7 (9th Cir. 2004) ("The defendants argue that

28   *programs* that receive federal funding, rather than the individual defendants . . . are the proper
     defendants in a Title VI suit.  *See, e.g., Shotz v. City of Plantation,* 344 F.3d 1161, 1169-70 (11th
     Cir.2003); *Buchanan v. City of Bolivar,* 99 F.3d 1352, 1356 (6th Cir.1996).  Because [Plaintiff] failed
     to state a claim under Title VI, we do not reach this question.")

08cv2211

27.)  Defendants contend that because Plaintiff was given access to the hospital for treatment, and only left voluntarily against medical advice, Plaintiff cannot maintain a Title II cause of action.  (MTD at 4.)  The Court disagrees.  Plaintiff has established that, even once given access to the hospital, he was treated differently on the basis of his race.  This is sufficient to support an allegation that Plaintiff was denied the "full and equal enjoyment" of the accommodations.

Defendants also contend that because Title II only allows for injunctive relief, *see* 42 U.S.C. § 2000a-3, Plaintiff "must allege that he is likely to suffer from the defendants' discriminatory actions again."  (MTD at 5 (citing *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999), *Armstrong v. Turner Indus.*, 141 F.3d 554, 563 (5th Cir. 1998)).)  Further, Plaintiff's demand for relief set forth in the SAC contains only money damages, not injunctive relief.  The Court agrees that past wrongs, standing alone, do not amount to a "real and immediate threat of injury" sufficient to give Plaintiff standing to seek injunctive relief.  *See Armstrong*, 141 F.3d at 563.

The alleged discriminatory action by Anthony Pizzoserrato appears to be that he inappropriately touched Plaintiff based on his sex and race.  As stated above, the alleged sex discrimination cannot maintain a Title II cause of action.  The touching, however, if premised on Mr. Pizzoserrato's race discrimination is adequate.  The issue, however, becomes whether injunctive relief would be appropriate—Plaintiff alleges no further touching on the basis of race discrimination or other discriminatory action to be enjoined by this Court.  Thus, the Court **GRANTS** Defendants' motion to dismiss this claim as it applies to Mr. Pizzoserrato **WITHOUT PREJUDICE**.

The remaining individual defendants, with the exception of Dr. Patel, allegedly committed race discrimination based on their failure to report Plaintiff's accusation as required by state and federal law.  (SAC at 5.)  "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  The exhibits attached to Plaintiff's SAC belies Plaintiff's contention that Scripps did not appropriately report Plaintiff's allegations.  Plaintiff's Exhibit D indicates that Scripps notified the California Department of Health about the incident, and that the California Department of Health investigated

accordingly.  (SAC, Ex. D.)  To the extent Plaintiff believes that Plaintiff's should have contacted the local police, Plaintiff provides no citations or explanation as why Defendants' failure to do so resulted in racial discrimination which impeded his "full and equal enjoyment" of the public accommodations.

As such, the Court **GRANTS** Defendants' motion to dismiss the Title II cause of action as to all Defendants.

### D.    Section 1983 Claim

Plaintiff also provides a heading in his SAC for 42 U.S.C. § 1983.  (SAC at 7.)  However, all of the discussion below the heading revolves around Title II.  Accordingly, the Court finds that, if Plaintiff is indeed asserting a cause of action under § 1983, he has provided no case law nor factual allegations to establish this cause of action.  Most fatally, Plaintiff does not allege that Defendants were a state agency or state employee, or that any individual was acting "under color of state law."  *See* 42 U.S.C. § 1983; *see also Villega v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954-55 (9th Cir. 2008).  Accordingly, if Plaintiff is indeed asserting this cause of action, it is **DISMISSED WITHOUT PREJUDICE** as to all defendants.

### E.    Retaliation

Plaintiff also appears to contend that Defendants' unlawfully retaliated against Plaintiff based on his sex and race, as well as for bringing this lawsuit.  (SAC at 5-6.)  Plaintiff, however, does not cite case law or the statutes which he bases these retaliation claims.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss to the extent Plaintiff does in fact attempt to assert a retaliation claim against all defendants.

### F.    Failure to Supervise

In his opposition, Plaintiff asserts that he is complaining of Defendants' "negligent retention and supervision" under California law.  (Opp. to MTD at 9.)  This cause of action was not adequately (if at all) set forth in the SAC.  Moreover, failure to supervise is a state law claim. As discussed above, the Court is dismissing all potential federal causes of action which would give this Court jurisdiction over the matter.  As such, the Court would also decline to exercise supplemental jurisdiction over the failure to supervise claim even if it were adequately alleged  in the SAC.  Thus, Defendants' motion to dismiss this cause of action is **GRANTED**.

1  **III.**      **Defendants' Motion for More Definite Statement**

2       In light of the above Order, the court **DENIES AS MOOT** Defendants' motion for more

3  definite statement.  However, to assist the Court and the parties, Plaintiff, if he wishes to amend his

4  complaint, **SHALL IDENTIFY** which Defendants he is asserting his causes of action against and

5  whether each Defendant is being sued in their individual or official capacities (or both).  Moreover,

6  the Court agrees with Defendants that it is difficult to determine which causes of action Plaintiff is

7  actually asserting.  Thus, Plaintiff **SHALL IDENTIFY,** in the caption of the complaint, the causes

8  of action which he is asserting and individually address those causes of action within the third

9  amended complaint.

10                                **PLAINTIFF'S MOTION**

11       Plaintiff moves the Court for appointment of counsel and fee waiver.  (Doc. No. 75.)  "[A]n

12  indigent's right to appointed counsel . . . exist[s] only where the litigant may lose his physical

13  liberty if he loses the litigation." *Lassiter v. Dep't. of Soc. Servs.,* 452 U.S. 18, 25 (1981).

14  However, Congress has authorized Courts to appoint counsel for indigent litigants under

15  "exceptional circumstances."  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th

16  Cir.1991).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood

17  of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the

18  complexity of the legal issues involved." *Terrell,* 935 F.2d at 1017 (citing *Wilborn v. Escalderon* ,

19  789 F.2d 1328, 1331 (9th Cir.1986)).

20       Plaintiff's complaint, first amended complaint, and second amended complaint illustrate the

21  difficult Plaintiff is having in articulating his claims.  However, the Court finds that Plaintiff is not

22  likely to succeed on the merits of his civil rights claims.  Taking all of the facts in the complaint as true,

23  Plaintiff has not set forth a legal theory under which he would be entitled to relief, especially for the

24  civil rights claims which would give this Court jurisdiction over the matter.  He merely states various

25  provisions of the Civil Rights Act,  blanket "Laws Against Discrimination,"  and bare allegations that

26  Defendants sexually and racially discriminated against him, without supporting these allegations.

27  Moreover, the allegations of inappropriate touching or failure to report Plaintiff's accusations do not,

28  as pled, sufficiently support the civil rights violations which Plaintiff appears to allege have been

violated.  Even if Plaintiff proves inappropriate touching or failure to report his accusations, this does

1  not likely amount to discrimination sufficient to maintain a civil rights action.

2         Therefore, Plaintiff does not meet the test for appointment of counsel under § 1915(e)(1) that

3  the Ninth Circuit set forth in *Terrell*[5]  Accordingly, Plaintiff's motion for appointment of counsel is

4  **DENIED WITHOUT PREJUDICE.**

5         Plaintiff's motion for fee waiver is also unsupported.  Plaintiffs motion for waiver merely

6  requests "relief of fees and costs to Plaintiff's recent unemployment and disability, and indigent state,

7  past medical debt incurred due to defendants actions." Plaintiff does not support these contentions with

8  documentation, nor does Plaintiff point to which "fees and costs" are due and which he seeks to waive.

9  Accordingly, Plaintiff's motion for fee waiver is **DENIED WITHOUT PREJUDICE.**

10                                      **CONCLUSION**

11        For the reasons stated above, the Court **GRANTS** both Defendants' motions to dismiss and

12 **DENIES AS MOOT** Defendants' motions for more definite statement.  The Title VII cause of

13 action is dismissed **WITH PREJUDICE.**  All other causes of action are dismissed **WITHOUT**

14 **PREJUDICE.**

15        Further, the Court **DENIES** Plaintiff's motion for appointment of counsel and fee waiver

16 **WITHOUT PREJUDICE.**

17        If Plaintiff wishes to do so, he **SHALL FILE** a Third Amended Complaint in compliance

18 with the above-ordered requirements within 20 days of this Order being electronically docketed.

19

20 IT IS SO ORDERED.

21

22 DATED:  March 30, 2010

23                                        *Janis L. Sammartino*
                                         Honorable Janis L. Sammartino
                                         United States District Judge

24

25

26

27

28        [5]  The Court notes Plaintiff's arguments that he needs counsel due to his medical ailments and Defendants' reputable attorneys.  These issues, however, do not bear on the "exceptional circumstances" test set forth in *Terrell.*